IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLIFFORD E. MEREDITH,

   Plaintiff

v.     CIVIL NO. L-10-837

INTERNATIONAL MARINE
UNDERWRITERS,

   Defendant

## MEMORANDUM

Plaintiff Clifford E. Meredith brought this suit against International Marine Underwriters ("IMU") alleging fraud, negligent misrepresentation, breach of contract, and violation of the Uniform Commercial Code and the Maryland Consumer Protection Laws, after IMU refused to cover damage to Plaintiff's vessel under his insurance policy. (Compl., Docket No. 2). IMU now moves for summary judgment. (Def.'s Mot. Summ. J., Docket No. 30). The issues have been comprehensively briefed and no oral argument is required. See Local Rule 105.6 (D. Md. 2010). For reasons explained below, IMU's Motion For Summary Judgment will be GRANTED IN PART and DENIED IN PART.

**I. Background**

In April of 2009, Meredith purchased an insurance policy ("the Policy") with IMU, through the Avon Dixon Agency, LLC ("Avon"), to insure his vessel, "the Eleanor." (Compl. 2). The Policy contained a "perils" clause, which insured the Eleanor for physical damage, but

1

another clause explicitly excluded from coverage any damage resulting from failure to maintain the Eleanor in a seaworthy condition. Id.; Def.'s Mot. Summ. J. 2.

In October of 2009, the Eleanor was found partially submerged while docked at a private residence, and Meredith submitted a claim to IMU for the damage. (Compl. 2). IMU assigned a surveyor, J. Stephen Russell ("Russell"), to inspect the Eleanor and determine the cause of the accident. Def.'s Mot. Summ. J. 2. Russell concluded that the Eleanor was taking on water through a number of "leakage points" that were caused by normal wear and tear. Id. After receiving Russell's report, IMU denied coverage on the grounds that the Eleanor was unseaworthy at the time of the accident. Id. at 8.

In March of 2010, Meredith filed the instant complaint in the Circuit Court for Anne Arundel County, alleging fraud, negligent misrepresentation, breach of contract, and violation of the Uniform Commercial Code and the Maryland Consumer Protection Laws. Meredith's breach of contract claim is based on the opinion of James Renn, an expert boat surveyor, that the accident was not caused by ordinary wear and tear or a failure to maintain the Eleanor in a seaworthy condition. The remaining claims are based on the allegation that Defendant made representations, through Avon Dixon, its alleged agent, to the effect that the Eleanor would be insured for "the damage alleged." (Compl. 2).

IMU now moves for summary judgment on the grounds that Meredith can adduce no admissible evidence to support any of these causes of action.

**II. Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a factual dispute. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). But, if the moving party carries this burden, the opposing party must then set out specific facts, beyond the mere allegations or denials in the pleadings, showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). The court must view all facts and reasonable inferences in the light most favorable to the opposing party. Scott v. Harris, 550 U.S. 372, 378 (2007); Iko v. Shreve, 535 F.3d 225, 230 (4th Cir. 2008).

### III. Analysis

#### A. Fraud, Negligent Misrepresentation, UCC, Consumer Protection

In Meredith's own words, all of his claims, other than breach of contract (discussed infra), "arise out of statements made by Avon Dixon Insurance Agency ("Avon Dixon") to Meredith in connection with Meredith's purchase of the Policy issued by IMU to provide coverage for losses sustained to the Vessel." (Pl.'s Resp. 1–2, Docket No. 32). The parties have spilt a considerable amount of ink debating whether Avon Dixon is IMU's agent and whether the alleged statements can therefore be attributed to IMU. The point is moot, however, because, after thoroughly scouring Meredith's opposition to summary judgment, including his deposition and answers to interrogatories, the Court can find no evidence that Avon Dixon ever made any statements to Meredith, let alone what those statements might have been. Indeed, the Court finds only two references to the alleged statements. One is Meredith's answer to IMU's Interrogatory No. 9, which reads:

> Interrogatory No. 9: Describe any communications from the date of purchase to present between yourself and any agent, representative, or employee of Defendant related to the vessel. Your answer should include the date of the communications,

> the location of communications, and a detailed description of the subject matter of the communications.
>
> ANSWER: The Plaintiff has had multiple conversations with the deendafnt [*sic*] and their insurance agent and cannot recall the specifics of the same. Any written communications is in the possession of the deendant [*sic*].

(Pl.'s Ans. Interrog. 6-7, ECF No. 32, Ex. 4). The second reference is in the fourth paragraph of Plaintiff's affidavit, which reads in pertinent part:

> It was my understanding, from the various discussions with Avon Dixon Agency LLC that the Vessel would be insured regardless of how it became damaged or otherwise took on water.

It appears, then, that Meredith's causes of action are based on the allegations that he had a lot of conversations with Avon Dixon, that he doesn't remember what was said, and that he came out (somehow) believing that the Eleanor was covered for any conceivable damage. The Court has no difficulty finding that, as a matter of law, no reasonable jury could find in Meredith's favor on any cause of action based on this evidence, even viewed the light most favorable to him. Therefore, IMU's Motion for Summary Judgment will be granted as to Meredith's claims of fraud, negligent misrepresentation, violation of the Uniform Commercial Code, and violation of the Maryland Consumer Protection Laws.

**B. Breach of Contract & Damages**

However, Meredith also claims that IMU breached its contract to insure the Eleanor by failing to cover the damage she incurred as a result of the Accident. To succeed on that claim, Meredith must prove the elements of breach of contract, which, in this case, requires expert testimony as to the cause of the accident and the amount of damages sustained. Shortly before filing this Motion for Summary Judgment, IMU filed a Motion to Strike the designation of all of Meredith's expert witnesses. IMU now argues that if the Court grants its motion to strike, it will

be entitled to summary judgment on the breach of contract claim, as Meredith would then be unable to prove the required elements.

First, the Court has denied IMU's motion to exclude the testimony of Meredith's expert witnesses, James Renn, an expert boat surveyor, who is expected to offer an opinion as to the cause of the Accident. At his deposition, Renn testified that the Accident was not the result of failure to maintain the Eleanor in a seaworthy condition, and that, in his expert opinion, it is more likely that the Eleanor grounded during a low tide, and that high wave action caused her bottom framing to flex, which in turn caused gaps between the planks that allowed water to flow into the boat as the tide rose. (Renn Dep. 7–8, 11, Docket No. 32, Ex. 5). The Court finds that a reasonable jury could conclude, based on this testimony, that the Accident did not fall under the Policy's Exclusion Clause and was, therefore, covered as physical damage under the Perils Clause. As such, there is a genuine factual dispute with regard to the cause of the Accident.

With regard to damages, the Court is holding in abeyance IMU's motion to exclude the testimony of other of Meredith's witnesses who are expected to testify to the Eleanor's loss of value and the cost of repairs. Because it seems likely that Meredith will be able to present evidence of damage through at least one of his proposed experts, the Court will deny summary judgment at this time. If, after all expert discovery has been completed, Meredith can still adduce no evidence of the measure of damages, ISU may renew its Motion.

## IV. Conclusion

For the reasons stated above, the Court will, by separate Order of even date, GRANT IN PART and DENY IN PART IMU's Motion for Summary Judgment. Docket No. 30.

Dated this 20th day of May, 2011

                                              BY THE COURT:

                                                  /s/
                                        _____
                                        Benson Everett Legg
                                        United States District Judge